# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**CHARLES K. HAMILTON,**

      **Plaintiff,**

**v.**                                                                           **Civil Action No. 5:10cv137**
                                                                                 **(Judge Stamp)**

**THE CIRCUIT COURT OF MINERAL
COUNTY WEST VIRGINIA,**

      **Defendant.**

## OPINION/REPORT AND RECOMMENDATION

The *pro se* plaintiff filed a civil complaint against the above-named defendant on April 5, 2011. In the complaint, the plaintiff asserts that his bond was revoked without merit, he was held for evaluation for an unnecessarily long amount of time, that the bailiff and the C.O. discussed his case in front of the plaintiff without his attorney present, and that he never had an arraignment hearing. As relief, the plaintiff seeks that the defendant pay him twenty-one million dollars and withdraw the indictment against him. The plaintiff seeks permission to proceed in forma pauperis in this case.

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint filed *in forma pauperis* which fails to state a claim is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

Heck at 487 (footnote omitted). One reason for imposing this requirement is to prevent a convicted criminal defendant from collaterally attacking his conviction through a civil suit. Id. at 484.

Here, the plaintiff clearly attempts to collaterally attack his criminal conviction and sentence through a civil suit. Indeed, a decision favorable to the plaintiff in this case would necessarily imply the invalidity of his conviction and sentence. However, the plaintiff has failed to show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, he has no chance of success on the merits of his claims and this case is due to be dismissed.

## V. Recommendation

---

[1] Id. at 327.

For the reasons stated, the undersigned recommends that the plaintiff's complaint (dckt. 1) be **DISMISSED** under 28 U.S.C. §§ 1915(e) and 1915A for the failure to state a claim.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying those portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. The failure to timely file objections as set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: June 28, 2011.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE