IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES K. HAMILTON,

    Plaintiff,

v.                                               Civil Action No. 5:10CV137
                                                                    (STAMP)
THE CIRCUIT COURT OF MINERAL COUNTY
WEST VIRGINIA,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The pro se[1] plaintiff, Charles K. Hamilton, filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging that the Circuit Court of Mineral County, West Virginia revoked his bond on September 9, 2009 in order that he be evaluated. He states that he was not evaluated until March 15, 2010. On April 5, 2011, the plaintiff filed an amended complaint. In the amended complaint, he alleges that his bond was revoked without merit, that he was held for evaluation for an unnecessarily long amount of time, that the bailiff and the C.O. discussed his case in front of the plaintiff without his attorney present, and that he never had an arraignment. As relief, the plaintiff seeks $21 million and his indictment withdrawn.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

The case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation. Magistrate Judge Kaull issued a report and recommendation, recommending that the plaintiff's complaint be dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The plaintiff then filed timely objections.

In his report and recommendation, the magistrate judge recommends that the complaint be dismissed with prejudice. He does not mention the plaintiff's amended complaint. After reviewing the report and recommendation, this Court believes that the magistrate judge reviewed the amended complaint before making his recommendation, as the magistrate judge describes the plaintiff's assertions as described in the amended complaint. This Court, however, reviews the entire record before it, including the amended complaint. For the reasons set forth below, this Court affirms and adopts the magistrate judge's report and recommendation in its entirety.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those

portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

Under the Prison Litigation Reform Act ("PLRA"), federal courts are required to screen civil complaints in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. If, on review, a court finds that the prisoner's allegations are frivolous, malicious, or fail to state a claim upon which relief may be granted, the court must dismiss the complaint in whole or in part. 28 U.S.C. § 1915A(b)(1).

Although some overlap exists in the functional meaning of "frivolous" and "fails to state a claim" as provided in the PLRA, the terms are not identical. As noted by the United States Supreme Court, all frivolous actions are also subject to dismissal for failure to state a claim; however, all actions subject to dismissal for failure to state a claim are not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 326-28 (1989).

The standard for determining failure to state a claim for the purpose of a PLRA dismissal is identical to the one in Federal Rule of Civil Procedure 12(b)(6). See Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999) (noting that "failure to state a claim" language in the PLRA parallels that of Rule 12(b)(6)). On the other hand, a frivolous action is one that "lacks an arguable basis in either law or fact." Neitzke, 490 U.S. at 325. In making a frivolousness determination, judges not only have "the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Thus, in determining frivolity, the court is not bound to accept "clearly baseless" factual allegations as true. See Denton v. Hernandez, 504 U.S. 25, 32 (1992).

In this case, the magistrate judge recommended that the plaintiff's complaint be dismissed as frivolous. The magistrate judge noted that a plaintiff bringing a civil rights action under 42 U.S.C. § 1983, in order to recover damages for allegedly unconstitutional conviction or imprisonment, must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called in to question by a federal court's issuance of a writ of habeas corpus . . . ." Heck v.

4

Humphrey, 512 U.S. 477, 487 (1994).  Because the plaintiff has failed to make any showing that he is entitled to recover damages for an allegedly unconstitutional conviction or imprisonment under the law as set forth in Heck v. Humphrey, 512 U.S. at 477, the magistrate judge recommended that his complaint be dismissed as the plaintiff is attempting to collaterally attack his conviction through a civil suit.  The magistrate judge found that, after reviewing the complaint, a decision favorable to the plaintiff with respect to his allegations would necessarily imply the invalidity of his conviction or sentence and that the plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.  The magistrate judge then recommended that the plaintiff's complaint be dismissed with prejudice.

The plaintiff then filed an objection, a "disposition," and "narratives."  In his objection, the plaintiff states that the report "clearly shows the Court's opinion is based on the case's stated in said report."  In the disposition, the plaintiff states that he has documents and letters that will support his claim.  In the narratives, the plaintiff again states that his bond was revoked, he was held for an evaluation that did not occur until

March 15, 2010, the C.O. and the bailiff discussed his case without his attorney present, and he was never arraigned.

The plaintiff does not present any new law or facts in his objection, "disposition," or "narratives." After a _de novo_ review, this Court finds that the plaintiff's complaint and amended complaint must be dismissed with prejudice.

## IV. Conclusion

Based upon a _de novo_ review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons set forth above, the plaintiff's complaint is DISMISSED WITH PREJUDICE. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the _pro se_ plaintiff by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   August 10, 2011

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE